Paul-Kenneth: Cromar, ID #567164
c/o Sheriff / Davis County Jail
800 West State Street
P.O. Box 618
Farmington, Utah 84025-0618
Phone: 801-451-4100
*Sui Juris* [pro se]

FILED US District Court-UT
NOV 18 '24 PM 03:26

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| PAUL KENNETH CROMAR, <br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | CASE No.: 2:24-cv-00857-HCN <br><br> **Petitioner's** <br> **Habeus Corpus Pleading** <br> **And Motion to VOID the CRIMINAL** <br> **JUDGMENT** <br> for the *fatal* Lack of <br> *subject-matter jurisdiction* of the district <br> court by Decision of the Supreme Court <br> in *Moore et Ux v. United States 22-800,* <br> **June 20, 2024** <br><br> District Judge Howard C. Nielson, Jr. |

**Petitioner's Habeus Corpus Pleading**
**And Motion to VOID the CRIMINAL JUDGMENT**
for the *fatal* Lack of *subject-matter jurisdiction* of the district court by
Decision of the Supreme Court
in *Moore et Ux v. United States 22-800,* June 20, 2024

1.   Comes now, ©Paul Kenneth Cromar™,[1] "Ken Cromar", defendant *in-error, Sui Juris*
[pro se], who herein files this initial Habeus Corpus pleading and also herein *moves* this
honorable court under Fed.R.Civ.P. Rules 60(b)(3), 60(b)(4), and 60(b)(6), to **VOID** the
judgment returned by the jury in the criminal trial of the petitioner/defendant in this district

---

[1] Paul Kenneth Cromar, "Ken", is a red-blooded, living, breathing American Sovereign, as defined within eight
(8) JUDICIAL NOTICES in the original (first of 18) court case 2:17-cv-01223-RJS, in addition to a number of
motions and judicial notices in this instant case.

court last May in criminal case number 2:23-cr-159, for the ***fatal lack*** of any *subject-matter jurisdiction* of the district court that exists, or that can lawfully be taken by the court as claimed by the court itself at trial.

2.  The petitioner/defendant was ***unlawfully*** and *wrongfully* convicted at trial by a jury in a district court that ***lacked*** the *subject-matter jurisdiction* of the court **required** to conduct a criminal trial of the petitioner/defendant.  Jurisdiction was ***lacking*** because that jurisdiction was *wrongfully* and ***erroneously*** claimed and alleged *taken* by the district court under alleged authority of the 16th Amendment to enforce a "***non-apportioned direct*** tax" on income, without regard for the ***lack*** of any *subjectivity* of the petitioner/defendant to any *Impost, Duty,* or *Excise* tax under Article I, Section 8, clause 1.

3.  Petitioner/defendant currently sits in jail awaiting sentencing on the jury conviction, confined by a federal court that ***lacks*** the *subject-matter jurisdiction* to hold him for sentencing on a conviction secured in a court ***lacing*** the *subject-matter jurisdiction* necessary for it to allow a jury to act to render a conviction.  The underlying Habeus Corpus Petition was filed in this case to attempt to compel the district court to address the **unlawful** and **wrongful** further detention and confinement of the petitioner/defendant by a court ***lacking*** and **without** the *jurisdiction* required for it to act further in the criminal action to sentence the petitioner/defendant.

4.  The *subject-matter jurisdiction* of the court is plainly and clearly ***lacking*** because in June of this year (2024), the Supreme Court plainly and clearly declared in the *Moore et Ux v. United States, 22-800* (Jun. 2024) decision[2] that it is **fundamental constitutional law** that income taxes are ***foundationally*** speaking, **under the U.S. Constitution, _INDIRECT_ taxes under Article I, Section 8, clause 1**.

5.  The Supreme Court plainly and clearly held that the federal personal income tax is **NOT** a ***"non-apportioned direct tax"*** under authority of the 16th Amendment as was ***fatally erroneously*** asserted by this district court during the pre-trial proceedings to *allegedly* allow the court to conduct the criminal trial of the petitioner as the defendant by ***mistakenly***

---

[2] See attached Exhibit A - *Syllabus* pg. 2 & the *Opinion* from *Moore et Ux v. United States*, 22-800, June 2024, pgs.5-7

claiming a *subject-matter jurisdiction* to enforce a **"non-apportioned direct tax"** on income under authority of the 16th Amendment - without any constitutional *limitation* being made applicable to that alleged *taxing power*. But  according to the Supreme Court in *Moore,* that *power* does **NOT exist** under the U.S. Constitution as an authorized taxing power for which Congress may write law to enforce **because it has never been granted as** *power* **to exercise in law**.  This court *lacked, and still lacks,* the *subject-matter jurisdiction* to do **anything** under the 16th Amendment, as it has ***unconstitutionally*** allowed to be done to the petitioner/defendant.

6.     The *subject-matter jurisdiction* claimed by the court at trial **did NOT exist** in the *form* it was *specifically* claimed.  The jury was **also** *falsely* **instructed** as to the nature of the tax**,** because it too was *wrongfully* and *erroneously* instructed that the *subject-matter jurisdiction* of the court was *taken* under authority of the 16th Amendment to enforce a "**non-apportioned direct tax***",* which, according to SCOTUS, was **FALSE.**

7.    In the criminal case, the district court ruled from the bench in hearings, and instructed the jury *erroneously* before deliberations, that the federal personal income tax was a **"non-apportioned direct tax"** on income that was constitutionally authorized to exist under authority of the 16th Amendment as such *direct* tax **without** any applicable constitutional *limitation.*

8.    But the Supreme Court says in *Moore* **that is** *patently* **incorrect** because "*income taxes are **indirect** taxes*" under Article I, Section 8, and are **not** *direct* taxes under the 16th Amendment **at all**.  This district court has therefore conducted the entire criminal trial of the petitioner/defendant, and all of the trial and pre-trial proceedings as well, **without** the **required** *subject-matter jurisdiction* necessary to conduct any proceedings, or criminal trial of the petitioner/defendant, at all, and is still without the *subject-matter jurisdiction* necessary to proceed with the sentencing of the defendant!

9.    Therefore, the jury verdict in the criminal trial must be *set aside* and the judgment of the court declared **VOID**, and the **VOID** judgement **must** be **vacated**, and the *wrongfully* held petitioner/defendant **must be released** from the unconstitutional confinement **he currently suffers** because *lacking* the foundational, constitutional, *subject-matter jurisdiction* **necessary**

to conduct a criminal trial at all, the court acted *ultra vires*, and continues to do so, by *erroneously* claiming its *subject-matter jurisdiction* exists under alleged authority of the 16th Amendment to enforce a *"non-apportioned direct tax"* that is *operationally* assessed by the IRS, and prosecuted by the U.S. DOJ, under a *falsely* claimed authority of the 16th Amendment to tax the earnings of American citizens as "*income*", *directly*, and **without** any applicable constitutional *limitation*, which under *Moore*, is **clear error.**  The judgment is **VOID,** and now the verdict must be *set aside,* and the **VOID** judgment **must** be *vacated,* and the petitioner/defendant **must** be *released* from confinement.

> "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson v. Berry*, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850).

10.  The Federal Rules of Civil Procedure provide that pursuant to F.R.C.P. Rule 60(b)(4) the district court "*may relieve a party or its legal representative from a final judgment, Order, or proceeding*" if, inter alia, "*the judgment is void.*"  Fed.R.Civ.P. 60(b)(4). "*Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.*" Burke, 252 F.3d at 1263. Blacks Law Sixth Edition.

11.  While the *pro se* Petitioner/Defendant is unable to find a parallel rule in the Federal Rules of Criminal Procedure that parallels this understanding that in a civil proceeding the district court "*may relieve a party or its legal representative from a final judgment, Order, or proceeding*" if, inter alia, "*the judgment is void*", where "*a judgment is void if the court that rendered it **lacked** jurisdiction of the subject matter*", he never-the-less argues that under the *precedents* cited herein below, this court has that power in this civil Habeus Corpus case, and that **same reality must be true** in the criminal courts *lacking* the *subject-matter jurisdiction* necessary to conduct the specific criminal trial conducted.  A criminal verdict and judgment obtained against a defendant in a court *lacking* the **required** *subject-matter jurisdiction* **cannot** be sustained, - when the court rendering the verdict and judgment *lacked* the *subject-*

*matter jurisdiction* it claimed at trial, <u>in order to allow the court</u> to conduct the criminal trial of the petitioner/defendant.

**SCOTUS Clearly Says in *Moore* that Taxes on Income are <u>Indirect</u> Taxes**

12.  On page 2 of the SCOTUS *Moore Syllabus* it plainly and clearly states as part of the holding,

> "*Held*:
> ...
> (a) Article I of the Constitution affords Congress broad power to lay and collect taxes. That power includes direct taxes—those imposed on persons or property—and indirect taxes—those imposed on activities or transactions. **Direct taxes must be apportioned among the States** according to each State's population, while indirect taxes are permitted without apportionment but must "be uniform throughout the United States," §8, cl. 1. **Taxes on income are <u>indirect</u> taxes,** and the Sixteenth Amendment confirms that taxes on income need not be apportioned. *Moore v. United States,* No. 22–800,  Argued December 5, 2023 - Decided June 20, 2024.                                   (emphasis added)

13.  The Supreme Court "*Held*:" that  "*Taxes on income are **indirect** taxes*".  That holding **directly contradicts** this court's *erroneous* claim that the income tax is a *"non-apportioned direct tax"* under alleged authority of the 16th Amendment.  This district court clearly *erred,* and *fatally* so, when it declared its *subject-matter jurisdiction* was based on a power conferred by the 16th Amendment to tax income *directly* and **without** *limitation.* **NO** such power **exists** under the U.S. Constitution according to the Supreme Court in this recent *Moore* decision reaffirming its decision in *Brushaber,* taken 108 years ago, that income taxes are **_indirect_** taxes under authority of Article I, Section 8.

14.  The Supreme Court provides more support for this understanding, in the *Moore Opinion* itself (attached as Exhibit A), on pages 5-7 where it reads:

> "  Article I of the Constitution affords Congress broad "Power To lay and collect Taxes, Duties, Imposts and Excises." Art. I, §8, cl. 1.  That power includes "'two great classes of'" taxes—direct taxes and indirect taxes. *Brushaber* v. *Union Pacific R. Co.*, 240 U. S. 1, 13 (1916).
>
>   Generally speaking, *direct* taxes are those taxes imposed on persons or property. See *National Federation of Independent Business* v. *Sebelius*, 567 U. S. 519, 570–571 (2012). As a practical matter, however, Congress has **rarely** enacted direct taxes because **the Constitution requires that direct taxes be**

**apportioned** among the States.   To be apportioned, direct taxes **must be imposed** "in Proportion to the Census of Enumeration." U.S. Const., Art. I, §9, cl. 4; see also §2, cl. 3. In other words, **direct taxes must be apportioned among the States** according to each State's population.

So if Congress imposed a property tax on every American homeowner, the citizens of a State with five percent of the population would pay five percent of the total property tax, even if the value of their combined property added up to only three percent of the total value of homes in the United States. To pay five percent, the tax rate on the citizens of that State would need to be substantially higher than the tax rate in a neighboring State with the same population but more valuable homes.

To state the obvious, that kind of complicated and politically **unpalatable** result has made direct taxes **difficult** to enact. Indeed, **the parties have cited no apportioned direct taxes in the current Internal Revenue Code**, and it appears that Congress has **not enacted** an apportioned tax **since the Civil War**. See 12 Stat. 297; E. Jensen, The Taxing Power: A Reference Guide to the United States Constitution 89 (2005).

By contrast, *indirect* taxes are the familiar federal taxes imposed on activities or transactions. That category of taxes includes **duties, imposts,** and **excise** taxes, **as well as income taxes**. U. S. Const., Art. I, §8, cl. 1; Amdt. 16. Under the Constitution, **indirect** taxes must "be uniform throughout the United States." Art. I, §8, cl. 1.   A "'tax is uniform when it operates with the same force and effect in every place where the subject of it is found.'" *United States* v. *Ptasynski*, 462 U. S. 74, 82 (1983).

Because **income taxes are indirect taxes,** they are permitted **under Article I, §8** without apportionment. As this Court has said, Article I, §8's grant of taxing power "is exhaustive," meaning that it could "never" reasonably be "questioned from the" Founding that it included the power "to lay and collect income taxes." *Brushaber*, 240 U. S., at 12–13. In 1861, Congress enacted the Nation's first unapportioned income tax. 12 Stat. 309. The Civil War **income tax was recognized as an indirect tax** "under the head of excises, duties and imposts." *Brushaber*, 240 U. S., at 15; see also *Springer* v. *United States*, 102 U. S. 586, 598, 602 (1881)

In 1895, however, in *Pollock* v. *Farmers' Loan & Trust Co.*, this Court held that a tax on income from property equated to a tax on the property itself, and thus was a direct tax that had to be apportioned among the States. 158 U. S. 601, 627–628. The *Pollock* decision sparked significant confusion and controversy throughout the United States.

Congress and the States responded to *Pollock* by approving a new constitutional amendment. Ratified in 1913, the Sixteenth Amendment rejected *Pollock*'s conflation of (i) income from property and (ii) the property itself. The Amendment provides: "The Congress shall have power to lay and collect taxes on incomes, *from whatever source derived*, without apportionment among the several States, and without regard to any census or enumeration." U. S. Const., Amdt. 16 *(emphasis* added).

Therefore, the **Sixteenth Amendment expressly confirmed** what had been the understanding of the Constitution before *Pollock*: **Taxes on income— including taxes on income from property—are indirect taxes** that need not be apportioned. *Brushaber*, 240 U. S., at 15, 18.  Meanwhile, property taxes remain **direct taxes that must be apportioned.** See *Helvering* v. *Independent Life Ins. Co.*, 292 U. S. 371, 378–379 (1934)." *Moore v. United States,* No. 22-800, June 20, 2024, pg.5-7                              (emphasis added)

15.    In this SCOTUS *Moore* decision, the court ***comprehensively*** reviews the complete set of constitutional foundations and authorities that exist for **all** federal taxation of the American people, and in America, by Congress, under the Constitution, including a review of the constitutional *limitation(s)* applicable to each *form* of taxation allowed thereunder, *direct* and *indirect.*   The resultant conclusions and clear holdings of the Supreme Court in this *Moore* decision, means that this district court ***erroneously*** and ***unlawfully*** conducted the **entire** criminal trial of the petitioner/defendant in the instant subject case **without** the *subject-matter jurisdiction* **necessary** and **required** to do so, and **without** ever establishing on the record of the action in the court a legitimate or lawful *subject-matter jurisdiction* of the court that could be *legally* taken by the court over the criminal charges pursing the enforcement or *evasion* of a ***non-apportioned direct*** tax on *income* under alleged authority of the 16th Amendment, as ***erroneously*** declared by this district court in the criminal case proceedings, and as argued by the plaintiff/respondent United States in ***erroneously*** asserting that the petitioner/defendant's arguments were ***frivolous,*** when **in fact,** it was **only** the United States who proffered ***frivolous*** arguments as the plaintiff according to the Supreme Court in *Moore.*

16.    The ***lack*** of *subject-matter jurisdiction* of this court to ever have conducted the criminal trial of the petitioner/defendant is now **obvious** and **irrefutable,** and the ***error*** is ***fatal*** and **irreparable** because this court simply declared that the alleged *subject-matter jurisdiction* of the court that could be taken over the criminal trial of the petitioner/defendant was based on an *alleged* power to enforce the federal personal income tax *as a **"non-apportioned direct tax"*** under *alleged* authority of the 16th Amendment to tax income *directly* and without *subjectivity* to any of the applicable constitutional *limitations,* which, according to the Supreme Court, are **still *mandatorily*** imposed on **all** of the *constitutionally* granted *powers* of taxation, **both** *direct* and *indirect.*   By this *Moore* decision, this court's *claim* to *subject-matter jurisdiction* under the 16th Amendment was a clear ***fatal, irreparable, incurable, error, prejudicially*** made

8

by the court in its *false* and *erroneous claim* to a *subject-matter jurisdiction* under the 16th Amendment.

17.   The *erroneous* declarations of the court made at trial, in order to attempt to justify the court's allowing the enforcement of a *"non-apportioned direct tax"* on income, **cannot be sustained** any longer in this court because of the *lack* of any *subjectivity* of the petitioner/defendant under Article I, Section 8, clause 1, to any *Impost, Duty,* or *Excise* tax; - **as is *constitutionally* required** under the **true *constitutional*** authority for the federal personal income tax under that Article and Section, - **as declared by SCOTUS** in this recent *Moore* decision.  The petitioner/defendant **must be released** from the custody of the court and the *unconstitutional* confinement he is currently suffering.

18.   There is absolutely **no** constitutionally authorized *subject-matter jurisdiction* granted to the federal courts to enforce the federal personal income tax <u>as a ***"non-apportioned direct tax"***</u> <u>under alleged authority of the 16th Amendment</u> **without** *limitation*, rather than as a *uniform indirect* tax under authority of Article I, Section 8, clauses 1 and 18.   **And there NEVER WAS!**  Under this new *Moore* decision from SCOTUS, the *alleged subject-matter jurisdiction erroneously* asserted by this district court at the criminal trial of the petitioner/defendant, does **not** *constitutionally* **exist,** and **never** has existed.

19.   Therefore, the *judgment* is **VOID.**  This district court acted ***ultra vires*** in allowing a jury to convict the petitioner/defendant **without** the court holding a ***constitutionally*** authorized, **fully granted**, *subject-matter jurisdiction* of the court that could lawfully be *taken* by it under the 16th Amendment to enforce an *allegedly direct* and underlined tax on income thereunder. *Moore* says that *claimed* authority **<u>DOESN'T EXIST</u>, and NEVER DID.**   And now the court piles *fatal error* on *fatal error* by continuing to hold the petitioner/defendant for sentencing for a conviction for alleged tax crimes related to a tax **that doesn't *constitutionally* exist** under **either** the U.S. Constitution or the written law!

20.   *Moore* plainly says those *jurisdictional* claims, to enforce a *"non-apportioned direct* tax" under alleged authority of the 16th Amendment, were all **FATAL, IRREPERABLE, <u>*ULTRA VIRES*</u> ERROR** committed by this district court in that criminal case, and this

Habeus Corpus Petition is entirely justified as the petitioner/defendant **cannot** be sentenced or held for sentencing for an alleged tax crime that the Supreme Court say **DOES NOT EXIST**.

21.   This district court's claim to a *subject-matter jurisdiction* over the criminal trial, based on an alleged power to enforce a ***"non-apportioned direct tax"*** on income under alleged authority of the 16th Amendment, was a clear ***fatal, ULTRA VIRES error.***   This court **lacked** the *subject-matter jurisdiction* to conduct the criminal trial of petitioner/defendant Cromar under authority the 16th Amendment, which trial the trial court *wrongfully* allowed to occur and be conducted **without** a legitimate constitutional basis for the *subject-matter jurisdiction* alleged at trial to have been *taken* under the Amendment.   **No** such *jurisdiction* exists to be *taken.* The petitioner/defendant **must be released.**

22.   The Supreme Court repeatedly asserts in this recent *Moore* decision that the federal income tax is an ***indirect*** tax under the ***constitutional*** authority of **Article I, Section 8, clause 1**, and that it is **NOT** the *"non-apportioned direct tax"* under the 16th Amendment that was *erroneously assumed, asserted,* and *wrongfully* held by this court, to **unconstitutionally** allege that a *subject-matter jurisdiction* of the court could be taken under the Amendment, **when it could NOT**.

23.   The *Moore* SCOTUS decision **exposes** as ***fatally erroneous*** the claim made in the criminal trial of the petitioner/defendant that the income tax is a "***non-apportioned direct*** tax" on all income.   It is **not**.   It is an *indirect* tax, and **always has been** because the *Moore* Opinion cites the *Brushaber* decision in 1916 as the *controlling* case deciding that the federal income tax **is an** *indirect* tax under authority of Article I, Section 8, clauses 1 and 18, and is **NOT** a *"non-apportioned direct tax"* under authority of the 16th Amendment. Under *Moore,* SCOTUS plainly and clearly says **that** the income tax is **NOT** authorized by the 16th Amendment because the tax is an *indirect* tax that is authorized under Article I, Section 8, - and is **NOT** a *"non-apportioned direct tax"* under the 16th Amendment.

24.   In re-affirming the original holdings and decisions taken by the court in *Brushaber v. Union Pacific RR Co.,* 240 US 1 (1916) the Supreme Court establishes **108 years of undisturbed** *precedent* that income taxes are ***indirect*** taxes under authority of  Article I, Section 8, clause 1, and are **not**  a *direct* tax under authority of the 16th Amendment.

25. The *Moore* decision plainly **exposes** the Plaintiff/Respondent United States' jurisdictional argument that the income tax is a *"non-apportioned direct tax under the 16th Amendment"* as a completely *fraudulent* argument because the Supreme Court **re-affirms** the original decisions taken by that court in 1916 in *Brushaber v. Union Pacific RR Co.,* 240 US 1 (1916), - thereby establishing a 108 year history of continuous, **consistent**, *controlling* precedent that has remained **undisturbed** across the entirety of the last 108 years, foreclosing on any possibility of an argument of an *intervening* tax (or law) that did provide for a *direct,* **un**limited tax on "income".

### The Judgment is VOID, and the VOID *Judgment* Must be *Vacated*

26.   This court **unlawfully** conducted the entire criminal trial of the petitioner/defendant under an **erroneous** *claim* to its alleged *subject-matter jurisdiction* in an **ultra vires** manner, and now that the Supreme Court has **completely exposed** that *fatal, ultra vires, error* in the claimed *subject-matter jurisdiction* of this court in this criminal case.  The judgment is **VOID,** and the verdict must be *set aside,* and the **VOID** *judgment* must now be *vacated* by this honorable court and, *lacking* the **required** *subject-matter jurisdiction,* the petitioner/defendant **must be released** from federal custody.

27.   Thus this district court now has no legal option left to it within its legal discretion, except to *set aside* the verdict, declare the judgment **VOID,** and *vacate* the **VOID** judgment; - which judgment was rendered by a court that *lacked* the *subject-matter jurisdiction* necessary and **required** to enforce the *supposedly* *"non-apportioned direct* tax*"* on *"income"* that was **unconstitutionally** and *wrongfully* prosecuted by the Plaintiff/Respondent United States' Department of Justice attorneys as though it were such **unlimited, *direct*, non-apportioned** tax on income.  It was **all *ultra vires.***

> **Black's Law Dictionary, Sixth Edition, P. 1522; *ultra vires*.** An act performed **without any authority to act on the subject.** *Haslund v. City of Seattle*, 86 Wash.2d 6O7, 547, P.2d 1221, 1230.  Acts **beyond the scope of the powers** of a corporation as defined by its charter or laws of state of incorporation. *State ex rel. v. Holston Trust Company*, 168 Tenn. 546, 79 S.W.2d 1012, 1016.  The term has a broad application and includes not only

11

acts prohibited by the charter but **acts which are in excess of powers granted** and not prohibited and generally applied either when a corporation has no power whatever to do an act or when the corporation has the power but exercises it irregularly. *People ex rel. Barrett v. Bank Peoria*, 295 Ill. App. 543, 15 N.E.2d 333, 335. An act is *ultra vires* when corporation is **without authority to perform it under any circumstances or for any purpose.** By doctrine of *ultra vires* a contract made by a corporation beyond the scope of its corporate powers is unlawful. *Community Federal Sav. & Loan Ass'n of Independence, Mo. v Fields*, C.C.A. Mo., 128 F.2d 705, 708. *Ultra vires* act of municipality is one which is **beyond powers conferred upon it by law.** *Charles v. Town of Jeanerette, Inc.*, La.App, 234 So.2d 794, 798.

(emphasis added)

**Black's Law Dictionary, Sixth Edition, P. 1574: Void judgment.** One which has **no legal force or effect, invalidity of which** may be asserted by **any** person whose rights are affected at any time and at any place directly or collaterally. *Reynolds v. Volunteer State Life Ins. Co.*, Tex.Civ.App., 80 S.W.2d 1087, 1092. One which **from its inception is** and **forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree.** Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. *Klugh v. U.S., D.C.S.C.*, 610 F.Supp. 892, 901. See also Voidable judgment. Black's Law Dictionary, Sixth Edition, p. 1574.

(emphasis added)

"... in a long and venerable line of our cases. "Without jurisdiction the court **cannot proceed at all in any cause.** Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle,* 7 Wall. 506, 514 (1869). ... The **requirement that jurisdiction be established as a threshold matter** "spring[s] **from the nature and limits of the judicial power** of the United States" and is "inflexible and without exception." *Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 U.S. 379, 382 (1884). ... The statutory **and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects.** See *United States* v. *Richardson,* 418 U.S. 166, 179 (1974); *Schlesinger* v. *Reservists Comm. to Stop the War,* 418 U.S. 208, 227 (1974). For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act **ultra vires.** *Steel Co., aka Chicago Steel & Pickling Co. v. Citizens for A Better Environment,* No. 96-643, 90 F.3d 1237 (1998)

(emphasis added)

A court may not render a judgment which transcends the limits of its authority, and **a judgment is void** if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments  § 25, pp. 388-89.

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", *Old Wayne Mut. L. Assoc. v. McDonough*, 204 U. S. 8, 27 S. Ct. 236 (1907).

A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, **was a complete nullity and without legal effect.** *Lubben v. Selective Service System*, 453 F.2d 645, 649 (1st Cir. 1972)   (emphasis added)

"A judgment is void if the court acted in a manner inconsistent with due process. A void judgment is a nullity and may be vacated at any time." *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997).

"A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001), *Ex parte Spaulding*, 687 S.W.2d at 745 (Teague, J., concurring).

It has also been held that "It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside. It may be impeached in any action direct or, collateral.' *Holder v. Scott*, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.).

A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", *Old Wayne Mut. L. Assoc. v. McDonough*, 204 U. S. 8,27 S. Ct. 236 (1907).

13

Judgment is a void judgment **if court that rendered judgment lacked jurisdiction of the subject matter**, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4),28 U.S.C.A., U.S.C.A. Const." *Griffen v. Griffen*, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635                                                            (emphasis added)

The law is well-settled that a void order or judgement is void even before reversal", *Valley v. Northern Fire & Marine Ins. Co*., 254 U.S. 348,41 S. Ct. 116 (1920)

When rule providing for relief from void judgments is applicable, **relief is not discretionary** matter, but is mandatory, *Orner. V. Shalala*, 30 F.3d 1307 (Cob. 1994). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4),28 U.S.C.A., U.S.C.A. Const. Amend. 5 - *Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985).

"Federal criminal jurisdiction is limited to cases involving activities specifically made criminal by either the Federal Constitution or Congress" *U.S. v Corona*, 934 F.Supp. 740, affirmed in part 108 F.3d 565 (5th CA 1997)

A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. A void judgment which includes judgment **entered by a court** which **lacks jurisdiction** over the parties **or the subject matter**, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See *Long v. Shorebank Development Corp*., 182 F.3d 548 (C.A. 7 Iii. 1999).        (emphasis added)

 "A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

"Void judgments are those rendered by a court **which lacked jurisdiction, either of the subject matter** or the parties," *Wahl v. Round Valley Bank* 38 Ariz. 411, 300 P. 955 (1931); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 146 P. 203 (1914); and *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940).

Habeas corpus is an appropriate remedy to attack a void judgment or sentence. See *Ex parte Seidel*, 39 S.W.3d 221, 224, 225 at n. 4 (Tex.Crim.App. 2001); *Ex parte Beck*, 922 S.W.2d 181 (Tex.Crim.App. 1996); *Heath v. State*, 817 S.W.2d at 336 (Tex.Crim.App. 1991) (opinion on original submission); *Ex parte McIver*, 586 S.W.2d 851 (Tex.Crim.App. 1979).

A void conviction may be challenged in a post-conviction habeas corpus proceeding. *Beck*, 922 S.W.2d 181; *Heath,* 817 S.W.2d at 336; *Ex parte McIver*, 586 S.W.2d 851; *Burns,* 441 S.W.2d 532; *Jenkins*, 433 S.W.2d 701; *Higginbotham*, 382 S.W.2d 927; *Strother,* 395 S.W.2d 629; *Rawlins*, 255 S.W.2d 877.

Conviction of a **nonexistent crime** results in a **void judgment** not subject to waiver. *People v. McCarty*, 94 Ill. 2d 28, 37 (1983).

"Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *Accord Jordon v. Gilligan*, 500 F.2d 701 (6th CA, 1974) ("[A] court must vacate any judgment entered in excess of its jurisdiction."); *State v. Swiger,* 125 Ohio.App.3d 456. (1995) ("If the trial court was without subject matter jurisdiction of defendant's case, his conviction and sentence would be void *ab initio*."); *Burrell v. Henderson, et al.*, 434 F.3d 826, 831 (6th CA 2006) ('[D]enying a motion to vacate a void judgment is a per se abuse of discretion.").

28.   As stated, this recent SCOTUS *Moore* decision of course, simply **reasserts** and **reaffirms** the consistent, **undisturbed** rulings of the high court across the last 108 years of litigation regarding the *indirect* constitutional foundations for all federal taxation of income, which the plaintiff's Department of Justice repeatedly and consistently has ***erroneously*** labeled as ***frivolous*** in its ***fraudulently*** argued ***reversal*** of the High Court's true holdings on the constitutional nature of the federal income tax, which the petitioner/defendant faithfully recites for the court below in paragraph 29.

29.   The ***fraudulent*** Plaintiff/Respondent United States, on the other hand, argued nothing but ***frivolous*** **nonsense** and ***fatal, ultra vires error,*** and refused at trial to make any argument at all beyond the statutes alone, sufficient to legally establish the lawful *subject-matter jurisdiction* of the court that was supposedly constitutionally granted and *taken* under authority of the 16th

Amendment in order to *appear* to allow the court to conduct the ***ultra vires*** criminal trial of the petitioner/defendant.

30.   And this district court itself, ***erroneously*** declared that *frivolous* jurisdictional **nonsense** to be true; in order to ***prejudicially*** allow the court to enforce, *allegedly* under the 16th Amendment, a **non-existent**, "*non-apportioned direct tax*" on all *income* **without** *subjectivity* to any constitutional *limitation* imposed on **all** of the granted taxing powers.   That "*direct tax*" position, ***erroneously*** assumed by the court, can now clearly be seen and recognized under the recent *Moore* decision, as the ***disturbingly obvious ultra vires error*** that it was, and still is.

## 108 Years of Undisturbed, Consistent, Constitutional Law

31.   Again, here is sum total of the true controlling precedents and holdings of SCOTUS across the last 108 years, as determined and **re-affirmed** as the ***controlling,*** **undisturbed, constitutional law** in this recent *Moore* decision on the issue of the constitutionally granted powers to tax **and** the *limitations* imposed on **all**  (**BOTH**) forms of the taxing powers, *direct* and *indirect*:

> "… by the previous ruling [*Brushaber v Union Pacific R. Co.*] it was settled that the provisions of the Sixteenth Amendment <u>**conferred no new power of taxation**</u> but simply <u>**prohibited**</u> the previous complete and plenary power of income taxation possessed by Congress from the beginning <u>**from being taken out of the category of indirect taxation to which it inherently belonged**</u> …."   *Stanton v. Baltic Mining Co.*, 240 U.S. 103,  112-113 (1916)
>
> (emphasis added)

> "Whether the tax is to be classified as an "***excise***" is in truth not of critical importance. If not that, it is an "***impost***" (*Pollock v. Farmers' Loan & Trust Co.,* 158 U. S. 601, 158 U. S. 622, 158 U. S. 625; *Pacific Insurance Co. v. Soble,* 7 Wall. 433, 74 U. S. 445), or a "***duty***" (*Veazie Bank v. Fenno,* 8 Wall. 533, 75 U. S. 546, 75 U. S. 547; *Pollock v. Farmers' Loan & Trust Co.,* 157 U. S. 429, 157 U. S. 570; *Knowlton v. Moore,* 178 U. S. 41, 178 U. S. 46).   A ***<u>capitation or other "direct"</u>*** **tax** <u>**it certainly is not.**</u>" *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 581-2
>
> (emphasis added)

> "The subject matter of taxation open to the power of the Congress is as comprehensive as that open to the power of the states, though the method of apportionment may at times be different. "The Congress shall have power to lay and collect taxes, duties, imposts and excises." Art. 1, § 8.   **If the tax is a direct one, it shall be apportioned** according to the census or enumeration.

**If it is a duty, impost, or excise, it shall be uniform** throughout the United States. **Together, these classes include every form of tax appropriate to sovereignty.** *Cf. Burnet v. Brooks,* 288 U. S. 378, 288 U. S. 403, 288 U. S. 405; *Brushaber v. Union Pacific R. Co.,* 240 U. S. 1, 240 U. S. 12." *Steward Mach. Co. v. Collector*, 301 U.S. 548 (1937), at 581

(emphasis added)

"The [income] tax **being an excise**, its imposition must conform to the canon of **uniformity**. There has been no departure from this requirement. According to the settled doctrine the uniformity exacted is geographical, not intrinsic. *Knowlton v. Moore, supra,* p. 178 U. S. 83; *Flint v. Stone Tracy Co., supra,* p. 220 U. S. 158; *Billings v. United States,* 232 U. S. 261, 232 U. S. 282; *Stellwagen v. Clum,* 245 U. S. 605, 245 U. S. 613; *LaBelle Iron Works v. United States,* 256 U. S. 377, 256 U. S. 392; *Poe v. Seaborn,* 282 U. S. 101, 282 U. S. 117; *Wright v. Vinton Branch Mountain Trust Bank,* 300 U. S. 440." *Steward Mach. Co. v. Collector*, 301 U.S. 548 (1937), at 583

(emphasis added)

"***Duties*** and ***imposts*** are terms commonly applied to levies made by governments **on the importation or exportation of commodities**. Excises are "taxes laid upon the manufacture, sale or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges ... *the requirement to pay such taxes involves the exercise of the privilege and if business is not done in the manner described no tax is payable...it is the privilege which is the subject of the tax and not the mere buying, selling or handling of goods.*" Cooley, Const. Lim., 7th ed., 680." *Flint v. Stone Tracy Co.,* 220 U.S. 107, 151,  31 S.Ct. 342, 349 (1911)

(emphasis added)

"The Sixteenth Amendment, although referred to in argument, has no real bearing, and may be put out of view. As pointed out in recent decisions, it **does not extend the taxing power to new or excepted subjects**, but merely removes all occasion which otherwise might exist for an apportionment among the states of taxes laid on income, whether it be derived from one source or another. *Brushaber v. Union Pacific R. Co.,* 240 U. S. 1, 240 U. S. 17-19; *Stanton v. Baltic Mining Co.,* 240 U. S. 103, 240 U. S. 112-113." *Peck & Co v. Lowe,* 247 U.S. 165 (1918), at 172-3

(emphasis added)

"Moreover in addition the conclusion reached in the *Pollock* case did not in any degree involve holding that income taxes generically and necessarily came within the class of direct taxes on property, but on the contrary recognized the fact that **taxation on income was in its nature an excise** entitled to be enforced as such unless and until it was concluded that to enforce it would amount to accomplishing the result which the requirement as to apportionment of direct taxation was adopted to prevent, in which case the duty would arise to disregard form and consider substance alone and <u>hence subject the tax to the</u>

<u>regulation as to apportionment</u> which otherwise as an excise would not apply to it." *Brushaber*, supra, at 16-17.

(emphasis added)

"The various propositions are so intermingled as to cause it to be difficult to classify them. We are of opinion, however, that the confusion is not inherent, but rather arises from the conclusion that the Sixteenth Amendment provides for a hitherto unknown power of taxation, that is, a power to levy an income tax which although direct should not be subject to the regulation of apportionment applicable to all other direct taxes. **And the far-reaching effect of this erroneous assumption** will be made clear** by generalizing the many contentions advanced in argument to support it," *Brushaber*, supra, at 10-11

(emphasis added)

"***Duties*** and ***imposts*** are terms commonly applied to levies made by governments **on the <u>importation or exportation</u> of commodities** . Excises are "taxes laid upon the manufacture, sale or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges ... *the <u>requirement to pay</u> such taxes <u>involves the exercise of the privilege</u> and if business is not done in the manner described no tax is payable...it is the privilege which is the subject of the tax and not the mere buying, selling or handling of goods.*" Cooley, Const. Lim., 7th ed., 680." *Flint v. Stone Tracy Co.,* 220 U.S. 107, 151, 31 S.Ct. 342, 349 (1911)[3]

(emphasis added)

The tax under consideration, as we have construed the statute, **may be described as an excise upon the particular privilege of doing business in a corporate capacity,** i.e., with the advantages which arise from corporate or quasi corporate organization; or, when applied to insurance companies, for doing the business of such companies. As was said in the Thomas Case, 192 U. S. supra, **the requirement to pay such taxes involves the exercise of privileges**, and the element of absolute and unavoidable demand is lacking. If business is not done in the manner described in the statute, no tax is payable. **If we are correct in holding that this is an excise tax, there is nothing in the Constitution requiring such taxes to be apportioned according to population.** *Pacific Ins. Co. v. Soule,* 7 Wall. 433, 19 L. ed. 95; *Springer v. United States*, 102 U.S. 586, 26 L. ed. 253; *Spreckels Sugar Ref. Co. v. McClain*, 192 U.S. 397, 48 L. ed. 496, 24 Sup. Ct. Rep. 376." *Flint v. Stone Tracy Co.*, 220 US 107, 151-152 (1911)" *Thomas v. United States*, 192 U.S. 363 , 48 L. ed. 481, 24 Sup. Ct. Rep. 305

(emphasis added)

"Evidently Congress adopted the income as the ***measure*** of the tax to be imposed with respect to the doing of business in corporate form because it desired that **the excise** should be imposed, approximately at least, with regard to the amount of benefit presumably derived by such corporations from the

---

[3] Again, *Flint v. Stone Tracy Co.* is controlling and Constitutional law, having been cited and followed over 600 times by virtually every court as the authoritative definition of the scope of excise taxing power.

current operations of the government. In *Flint v. Stone Tracy Co*. 220 U.S. 107, 165 , 55 S. L. ed. 107, 419, 31 Sup. Ct. Rep. 342, Ann. Cas. 1912 B. 1312, it was held that Congress, in exercising the right to tax a **legitimate** *subject* of taxation **as a franchise or privilege**, was not debarred by the Constitution from ***measuring*** the taxation by the total income, although derived in part from property which, considered by itself, was not taxable. It was reasonable that Congress should fix upon gross income, without distinction as to source, as a convenient and sufficiently <u>accurate index</u> of the importance of the business transacted." *Stratton's Independence, Ltd. V. Howbert,* 231 U.S. 399, at 416 – 417 (1913)          (emphasis added)


"Thus, from every point of view we are brought irresistibly to the conclusion that **neither under the Sixteenth Amendment nor otherwise** has Congress power to tax without apportionment a true stock dividend made lawfully and in good faith, or the accumulated profits behind it, as income of the stockholder." *Eisner v. Macomber,* supra, at 219-220


"As **repeatedly** held, this did **not extend** the taxing power **to new subjects**, but merely removed the necessity which otherwise might exist for an apportionment among the states of taxes laid on income. *Brushaber v. Union Pacific R. R. Co.*, 240 U.S. 1 , 17-19, 36 Sup. Ct. 236, Ann. Cas. 1917B, 713, L. R. A. 1917D, 414; *Stanton v. Baltic Mining Co.*, 240 U.S. 103 , 112 et seq., 36 Sup. Ct. 278; *Peck & Co. v. Lowe*, 247 U.S. 165, 172, 173 S., 38 Sup. Ct. 432." *Eisner vs. Macomber*, 252 U.S. 189 (1920), at pg. 205
                                                    (emphasis added)

"The Sixteenth Amendment, although referred to in argument, has no real bearing and may be put out of view. As pointed out in recent decisions, it does not extend the taxing power to new or excepted subjects, but merely removes all occasion, which otherwise might exist, for an apportionment among the States of taxes laid on income, whether it be derived from one source or another. *Brushaber v. Union Pacific R.R. Co.*, 240 U.S. 1, 17-19; *Stanton v. Baltic Mining Co.*, 240 U.S. 103, 112-113." *Peck & Co. v. Lowe*, 247 U.S. 165 (1918), at p. 172-3:


32)   And with respect to the legal requirement, and judicial duty of the district court, to have properly established on the record of the action the fully granted *subject-matter jurisdiction* of the court that could lawfully be *taken* by it **before** proceeding at trial and allowing a jury to render a verdict and judgment, the Supreme Court has plainly and clearly said repeatedly:

"It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, and an act of Congress must have supplied it .... To the extent that such action is not taken, the power lies dormant." *The Mayor v. Cooper*, 6 Wall. 247, 252, 18 L.Ed. 851 (1868); accord, *Christianson v. Colt Industries Operating Co., 486 U.S. 800,* 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368,* 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.,* 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies,* 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874); *Sheldon v. Sill,* 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis,* 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood,* 7 Cranch 504, 506, 3 L.Ed. 420 (1813). *Finley v. United States,* 490 U.S. *545* (1989). The Supreme Court has repeatedly told the federal judiciary it may **not rely** on a conclusive **presumption** to find against a defendant on an **essential element of a cause of action**. *See Sandstrom v. Montana*, 442 U.S. 510, 521-523, 99 S.Ct. 2450, 2458-2459 (1979); *Stanley v. Illinois*, 405 U.S. 645, 654-657, 92 S.Ct. 1208, 1214-1216 (1972); *Heiner v. Donnan*, 285 U.S. 312, 325-29, 52 S.Ct. 358, 360-362 (1932); *Schlesinger v. State of Wisconsin*, 270 U.S. 230, 46 S.Ct. 260 (1926); *Tot v. United States*, 319 U.S. 463, 468-69, 63 S.Ct. 1241, 1245-1246 (1943); *Vlandis v. Kline*, 412 U.S. 441, 446, 93 S.Ct. 2230, 2233 (1973); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318-19, 119 S.Ct. 1961, 1977 (1999), and *Jones v. Bolles*, 76 U.S. 364, 368 (1869).

(emphasis added)

"... in a long and venerable line of our cases. "Without jurisdiction the court **cannot proceed at all in any cause**. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1869). ... The requirement that jurisdiction **be established** <u>as a threshold matter</u> "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L. M. R. Co. v. Swan,* 111 U.S. 379, 382 (1884). ... The statutory **and (especially) constitutional elements of jurisdiction are an essential** ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects. See *United States* v. *Richardson,* 418 U.S. 166, 179 (1974); *Schlesinger* v. *Reservists Comm. to Stop the War,* 418 U.S. 208, 227 (1974). For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act **ultra vires**. *Steel Co., aka Chicago Steel & Pickling Co. v. Citizens for a Better Environment,* No. 96-643, 90 F.3d 1237 (1998)

(emphasis added)

"There is no discretion to ignore lack of jurisdiction." *Joyce v. U.S.*, 474 F.2d 215 (1973).

"So, we conclude, as we did in the prior case, that, although these suits may sometimes so present questions arising under the Constitution or laws of the United States that the Federal courts will have jurisdiction, yet the mere fact that a suit is an adverse suit authorized by the statutes of Congress is **not** in and of itself **sufficient to vest jurisdiction in the Federal courts.**" *Shoshone Mining Co. v. Rutter, 177 U.S. 505, 513* (1900).

(emphasis added)

The Supreme Court has repeatedly told the federal judiciary it **may not rely on a conclusive presumption** to find against a defendant on an essential element of a cause of action. *See Sandstrom v. Montana*, 442 U.S. 510, 521-523, 99 S.Ct. 2450, 2458-2459 (1979); *Stanley v. Illinois*, 405 U.S. 645, 654-657, 92 S.Ct. 1208, 1214-1216 (1972); *Heiner v. Donnan*, 285 U.S. 312, 325-29, 52 S.Ct. 358, 360-362 (1932); *Schlesinger v. State of Wisconsin*, 270 U.S. 230, 46 S.Ct. 260 (1926); *Tot v. United States*, 319 U.S. 463, 468-69, 63 S.Ct. 1241, 1245-1246 (1943); *Vlandis v. Kline*, 412 U.S. 441, 446, 93 S.Ct. 2230, 2233 (1973); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318-19, 119 S.Ct. 1961, 1977 (1999), and *Jones v. Bolles*, 76 U.S. 364, 368 (1869).

(emphasis added)

"Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is **not to be expanded by judicial decree.** It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen v. Guardian Life Ins. Co. of America,* 511 US 375 (1994)

(emphasis added)

"But it clearly results that the proposition and the contentions under it, **if acceded to**, would cause one provision of the Constitution to **destroy** another; that is, they would result in bringing the provisions of the Amendment exempting a direct tax from apportionment into **irreconcilable conflict** with the general requirement that **all direct taxes be apportioned**. Moreover, the tax authorized by the Amendment, being direct, would **not** come under the rule of *uniformity* applicable under the Constitution to other than direct taxes, and thus it would come to pass that the result of the Amendment would be to authorize a particular *direct* tax **not subject either** to *apportionment* **or to the** rule of *geographical uniformity,* thus giving power to impose a different tax in one state or states than was levied in another state or states. This result, **instead** of **simplifying** the situation and **making clear the limitations** on the taxing power, which **obviously** the Amendment must have been **intended to accomplish**, would create radical and destructive changes in our

constitutional system and **multiply confusion**." *Brushaber v. Union Pacific RR Co,* 240 U.S. 1, pg. 12 (1916)

(emphasis added)

"By the previous ruling [*Brushaber v Union Pacific R. Co.*] it was settled that the provisions of the Sixteenth Amendment **conferred no new power of taxation** but simply **prohibited** the previous complete and plenary power of income taxation possessed by Congress from the beginning **from being taken out of the category of indirect taxation to which it inherently belonged** ...." *Stanton v. Baltic Mining Co.*, 240 U.S. 103, 112-113 (1916)

(emphasis added)

"A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that **did not have jurisdiction over the subject matter** or the parties." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

33)    Therefore, under the controlling *Moore, Brushaber,* and *Baltic Mining* decisions, this court now has a legal, *jurisprudence,* **duty** to declare the judgement *VOID, set aside* the verdict, and **VACATE** the **VOID** judgement for the **proven** *fatal lack* of any *subject-matter jurisdiction* of the court that was ever properly established and shown on the record of the action in the court, or that could have been lawfully *taken* by the court under authority of the 16th Amendment as *erroneously* asserted and claimed by the court at trial, *sufficient* to allow this court to have conducted any  criminal trial at all for an alleged failure to pay an alleged *"non-apportioned direct tax"* on income **without** any applicable constitutional *limitation,* which, according to the Supreme Court in this *Moore* decision, has **never existed** as such un-limited, *non-apportioned, direct* tax under the 16th Amendment, and is therefore **NOT** enforceable in the federal courts.    The defendant **must be released from the unconstitutional custody** he currently suffers.

<h3 align="center">Prayer for Relief</h3>

34)    Petitioner/defendant therefore prays relief from this court and now *moves* this honorable court to *set aside* the jury verdict, declare the judgment *VOID,* and **VACATE** the **VOID** judgment for the *fatal* and *incurable lack* of any *subject-matter jurisdiction* of the district court that existed at any time, or was lawfully shown  on the formal record of the action in the court, or that was properly *taken* by the court over the criminal action before conviction was rendered, as required by law and *due process*.

22

## Motion to VACATE the VOID the *Judgment*

35)    Petitioner/defendant therefore hereby *moves* this honorable district court under the Federal Rules of Civil Procedure, Rules 60(b)(3), 60(b)(4), and 60(b)(6), to immediately declare the judgment **VOID,** *set aside* the jury's verdict, **VACATE** the unconstitutional, *ultra vires* **VOID** *judgment* rendered by this court at trial of the petitioner/defendant four months ago, and order the Petitioner/Defendant released from federal custody for the *fatal lack* of a *constitutionally* granted *subject-matter jurisdiction* of the district court that was **never** properly identified, fully declared, constitutionally **established,** or *lawfully taken* by the court over the criminal action to enforce the plaintiff/respondent United States criminal charges related to a "**non-apportioned direct** tax" on *income* which was **unconstitutionally** claimed by the Plaintiff/Respondent to be owed by the petitioner/defendant as a "**non-apportioned direct** tax" on his earnings, redefined as "*taxable income*" through the *false* allegation of a *direct* tax.  A court *lacking* the *subject-matter jurisdiction* to conduct a trial, cannot render a legal verdict or judgment, and therefore the verdict and judgment in this criminal case were **both** *ultra vires,* and as such the judgment is **VOID,** the verdict **must be** *set aside*,  and the **VOID** judgment **must** be *vacated,* and the petitioner/defendant **must be released from the unconstitutional custody** he currently suffers at the hands of the federal district court itself..

"Denying a motion to vacate a void judgment is a per se abuse of discretion."
*Burrell v. Henderson, et al.*, 434 F.3d 826, 831 (6th CA 2006)

Presented in honor on this 18th day of November , in the year of our Lord Jesus Christ, anno domini, 2024.

by: Paul-Kenneth: C⸺ ™

Paul-Kenneth: Cromar

Signed only in correct public capacity as the soul HEIR/Executor to Paul-Kenneth: House of Cromar Estate.

**Supporting Exhibits**

**Exhibit A** - SCOTUS *Opinion* excerpt from *Moore et ux v. U.S.*, 22-800, June 20, 2024

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2024, I personally placed in the United States Mail to the individuals named below a true and correct copy of **Petitioner's Habeas Corpus Pleading And Motion to VOID the CRIMINAL JUDGMENT for the fatal Lack of subject-matter jurisdiction of the district court by Decision of the Supreme Court in Moore et Ux v. United States 22-800, June 20, 2024.**

TRINA A. HIGGINS
PATRICK BURNS
MEREDITH M. HAVEKOST
Attorneys of the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111


Raland Brunson