IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PAUL KENNETH CROMAR,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA, *et al.*,<br>Respondents. | **MEMORANDUM DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Case No. 2:24-cv-857<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Petitioner Paul Kenneth Cromar petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the court's subject matter jurisdiction and arguing that the federal income tax and the statutes under which he was convicted are unconstitutional or do not apply to him. The court denies the petition.

Mr. Cromar was tried by jury and convicted of willfully attempting to evade or defeat the assessment or payment of a tax in violation of 26 U.S.C. § 7201 and of forcibly rescuing or attempting to rescue seized property in violation of 26 U.S.C. § 7212(b). *See United States v. Cromar*, 2:23-cr-159, Dkt. No. 307. At the time of his trial, Mr. Cromar was subject to a state sentence of imprisonment, *see id.*, Dkt. No. 144-1, though he was in primary federal custody pursuant to a pretrial detention order entered before the state court imposed sentence, *see id.*, Dkt. No. 17. After he completed his state sentence, Mr. Cromar sought release pending sentencing. *See id.*, Dkt. No. 361. Chief Magistrate Judge Pead denied Mr. Cromar's request, finding that Mr. Cromar had not shown by clear and convincing evidence that he presented neither an unmanageable flight risk nor a danger to the community, as 18 U.S.C. § 3143(a) requires for release of an

individual who has been found guilty of a federal offense and is awaiting sentencing. *See id.*, Dkt. Nos. 375–76. After the undersigned declined to disturb Chief Magistrate Judge Pead's determination, *see id.*, Dkt. No. 384, Mr. Cromar filed this petition. At that time, the court had not yet imposed sentence. It has now done so, however, *see id.*, Dkt. No. 405, and Mr. Cromar has noticed an appeal, *see id.*, Dkt. No. 408.

      Mr. Cromar's petition fails because the claims he asserts are not cognizable under Section 2241. Mr. Cromar clearly seeks collaterally to "attack[] the legality of [his] detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). But not only is Mr. Cromar's detention authorized by virtue of his conviction, *see* 18 U.S.C. § 3143(a), Mr. Cromar explicitly attacks his detention on the ground that the court lacked jurisdiction to conduct his trial and that the statutes under which he was convicted are unconstitutional or do not apply to him. His petition thus necessarily calls into question the validity of his conviction. The appropriate remedy for such a challenge is 28 U.S.C. § 2255, which authorizes and governs a collateral challenge brought by a federal prisoner to his detention on the ground that he has been convicted or sentenced "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to" convict or sentence him. 28 U.S.C. § 2255(a); *see also United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (holding that Section 2255 governs a federal prisoner's collateral challenge to "the validity of his conviction"); *Russian v. Hudson*, 796 F. App'x 500, 503 (10th Cir. 2019) (same; explaining that a prisoner seeking to "overturn his 'underlying convictions'" on constitutional grounds "challenges the validity of his imprisonment, not its execution"). And as the Tenth Circuit has made clear, "[a] petition under 28 U.S.C. § 2241 attacks the *execution* of a sentence" and "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw*, 86 F.3d at 166 (emphasis added).

Even were it appropriate to construe Mr. Cromar's filing as a motion brought under Section 2255 rather than a petition brought under Section 2241, moreover, it is well settled that "[a] § 2255 motion is premature if filed before the petitioner exhausts their direct criminal appeal, which cannot occur until after sentencing and the entry of final judgment in their underlying criminal case." *United States v. Smith*, No. 24-6163, 2024 WL 4431509, at *1 (10th Cir. Oct. 7, 2024); *see also Medina v. Choate*, 875 F.3d 1025, 1028–29 (10th Cir. 2017); *Hall v. Pratt*, 97 F. App'x. 246, 247–48 (10th Cir. 2004). Such a motion thus "should not be considered before the disposition of the direct criminal appeal." *United States v. Scott*, 124 F.3d 1328, 1329 (10th Cir. 1997). In short, when Mr. Cromar filed this petition, the proper vehicles for raising the arguments he asserts here were post-trial motions (which the court has since denied, *see Cromar*, 2:23-cr-159, Dkt. No. 404), and a direct appeal to the Tenth Circuit, which Mr. Cromar has now noticed.

In all events, even were this petition procedurally proper, the court would deny it on the merits. Mr. Cromar simply recycles arguments that the court has repeatedly rejected in denying his incessant stream of meritless—indeed, for the most part, frivolous—motions filed before, during, and after trial. *See Cromar*, 2:23-cr-159, Dkt. Nos. 134, 180, 218, 260, 271, 299, 404.[1] Simply put, "[a]ccording to all of the objective criteria" governing potential relief under Section 2255—"federal jurisdiction, the Constitution, and federal law"—Mr. Cromar's trial and conviction were proper and his "sentence was and is a lawful one." *United States v. Addonizio*, 442 U.S. 178, 187, 99 S. Ct. 2235, 2241 (1979).

For the foregoing reasons, Mr. Cromar's petition for writ of habeas corpus, together with all

---

[1] Transcripts of the oral rulings noted in the minute entries at Dkt. Nos. 134, 180, 271, and 299 have been filed on the docket and provided to Mr. Cromar, and a transcript of the oral rulings noted in the minute entry at Dkt. No. 404 is being prepared and will be filed and provided to Mr. Cromar in the near future.

of the various subsidiary motions he has filed in this action, is **DENIED**.[2]

    **IT IS SO ORDERED.**

Dated this 8th Day of January, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[2] Mr. Cromar's objection to the assignment of his petition to the undersigned judge is **OVERRULED**. Even were Mr. Cromar's request for collateral relief procedurally proper, such relief is available in the first instance only from "the court which imposed [his] sentence." 28 U.S.C. § 2255(a).